**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

|  |  |
|---|---|
| VERNARD JEROME SPARKS, JR. )<br>                                                        )<br>                              Petitioner,    )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>DIRECTOR, LANCASTER           )<br>COUNTY DETENTION CENTER, )<br>                                                        )<br>                              Respondent.   )<br>_____) | CIVIL ACTION NO. 0:07-430-JFA-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The pro se petition was filed on February 12, 2007. At the time Petitioner filed his petition, he was a federal prisoner being housed at the Lancaster County Detention Center.

The Respondent filed a return and motion for summary judgment on August 7, 2007. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 30, 2007, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised in that order that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. However, the Court's Roseboro order was returned to the Clerk as undeliverable.[1] Petitioner has also failed to file a response in opposition to Respondent's motion for summary judgment, which is now

---

[1] By order filed March 2, 2007, Petitioner was advised that it was his responsibility to keep the Court advised of his address, and that a failure to do so could result in the dismissal of his Petition.



before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in November 2000 in Lancaster County for murder (Indictment No. 00-GS-29-1421), armed robbery (Indictment No. 00-GS-29-1420), and kidnapping (Indictment No. 00-GS-29-1419).[3] After apparently being represented by numerous different attorneys over the course of several years[4], Mathew Neimec, Esquire, was appointed to represent the Petitioner on the murder and related charges in December 2005. Respondent represents that on August 6, 2007, after the filing of this petition, the Petitioner plead guilty to accessory before the fact of armed robbery. Petitioner's remaining state charges of murder and kidnaping were then nolle prossed by the State.

In his pro se Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

> **Ground One:** I've been housed at the Lancaster County Detention Center for a period of 6 ½ years on charges awaiting a trial that has not happened.
>
> **Ground Two:** I've been denied a speedy trial and right to proper counsel.
>
> **Ground Three:** I've been denied access to legal material to assist me on the appeals for my Federal conviction.

See Petition, pp. 5-6.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The complex background of the underlying facts, including Petitioner's federal drug charges, is detailed in Respondent's memorandum in support of his motion for summary judgment. Since Petitioner has now pled guilty, a detailed reporting of these facts are not necessary to resolve this habeas petition. The undersigned has therefore not included them as part of this Report and Recommendation.

[4]The Respondent's memorandum outlines the history of Petitioner's past counsel.

2



**Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire Petition is without merit.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

With respect to Grounds One and Two of the Petition,  Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). Since Petitioner has now pled guilty to his pending state charge, if he wishes to challenge that conviction based on a speedy trial violation, he would need to first pursue that claim in the state courts. Dickerson v. Louisiana, 816 F.2d 220, 227 (5th Cir. 1987). Respondent represents that Petitioner has not filed a direct appeal or a post-conviction relief application with respect to these state charges, nor has Petitioner filed any opposition to Respondent's motion to dispute that he has not exhausted his state court remedies.

3



Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." No evidence has been presented to show an absence of available state process, and the undersigned does not find that such process is ineffective in protecting Petitioner's rights. Therefore, Petitioner has failed to exhaust his state court remedies.[5]

Finally, Plaintiff's Ground Three (that he is being denied access to legal materials to assist in his federal appeals) would appear to be a claim more properly pursued under 42 U.S.C. § 1983, not as part of a federal habeas claim. See Bounds v. Smith, 430 U.S. 817 (1977); Strickler v. Waters, 989 F.2d 1375, 1382-1383 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). Therefore, this claim should also be dismissed.

### **Conclusion**

Based on the foregoing, it is recommended that Grounds One and Two of this federal Petition be **dismissed**, without prejudice, for failure of the Petitioner to exhaust his state court remedies. Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28

---

[5] Although the time has apparently expired for filing a timely direct appeal, Petitioner still may be able to pursue this issue in a belated appeal or in a post-conviction relief action if he raises an ineffective assistance of counsel claim based on this issue. Therefore, since there are potential state remedies still available, it is not proper for this Court to find the Petitioner has exhausted his state court remedies. Further, if this federal petition was considered by this Court, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of any future state proceedings that he may want to bring because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982).

4



U.S.C. § 2254(b) and (c). It is further recommended that Ground Three be dismissed, without prejudice, for failure to present a proper claim for habeas relief. Bounds, supra.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 12, 2007



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

